# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LESLIE SEIBERT,** *et. al.*, | ) | **CASE NO.  4:07CV0097** |
| | ) | |
| **PLAINTIFFS** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| **K-MART CORPORATION,** *et. al.*, | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court upon Defendant K-Mart Corporation's Motion for Summary Judgment.  (Dkt. #28).  Also before the Court is Defendant Amigo Mobility International's Motion for Summary Judgment.  (Dkt. # 31).

## I.    BACKGROUND

The following facts are undisputed, unless otherwise noted.  On December 9, 2004, Plaintiff Leslie Seibert ("Seibert") entered the K-Mart store located at 1209 Boardman-Poland Road in Boardman, Ohio, to shop. (Seibert Depo. at p. 23).  Upon entering the store, Seibert obtained one of K-mart's motorized shopping carts, as she has difficulty walking due to multiple sclerosis.  After shopping for awhile, Seibert testified that she stood up from the motorized cart to look at outfits against a wall display.  Seibert submits that she lost her balance while standing next to the cart and attempted to stabilize herself by reaching for the handle of the cart.  However, when Seibert grabbed the handle of the cart,

1

the throttle engaged and the cart moved forward, causing Seibert to fall and dragging her approximately six feet. (Seibert Depo. at p. 44-45). Seibert asserts that "the cart is what pulled me down," resulting in a broken hip. (Seibert Depo. at p. 40). Seibert further testified that she had used the motorized cart that is the subject of the instant law suit prior to December 9, 2004, and that she expected that a person must be seated in the shopping cart in order for it to move forward. (Seibert Depo. at p. 28-29).

Defendant Amigo Mobility International ("Amigo"), in their Motion for Summary Judgment, asserts that Seibert broke her hip from the initial fall. (Dkt. #31). It was not until after Seibert fell and broke her hip, Amigo contends, that she grabbed the accelerator and caused the cart to move. Defendant Kmart does not dispute Seibert's testimony regarding how her injuries occurred in their Motion for Summary Judgment. (Dkt. # 28).

Plaintiff's expert, Erin Higgenbotham ("Higgenbotham"), examined the motorized shopping cart that allegedly caused Seibert's injuries. (Dkt. # 36, Ex. A). In an affidavit, Higgenbotham stated that the design of the motorized shopping cart includes a seat switch which interfaces with the motor controller and is designed to enable motion of the cart only when a person is seated in the cart. Higgenbotham's inspection of the motorized cart revealed that the wire harness that connects the seat switch to the motor controller was missing, which disabled the seat switch safety function. Based on a reasonable degree of engineering certainty, Higgenbotham asserts that the motorized shopping cart was in a state of disrepair. Further, Higgenbotham stated that if the seat switch wiring harness was properly connected, the motorized cart would not have moved on its own power based

2

solely on Seibert's contact with the hand lever.

The instant motions ensued.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ P. 56(c). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." Little v. BP Exploration & Oil Co., 265 F.3d 357, 361 (6th Cir. 2001). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 556-57 n.7 (6th Cir. 2000). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. "A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

3

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56 (c)). For a dispute to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

### B. Premises Liability Claim Against K-Mart

Plaintiff brings a negligence claim against Defendant K-Mart, alleging that K-Mart was negligent in failing to maintain motorized shopping cart in a safe condition. To establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury proximately caused by the breach. Di Gildo v. Caponi (1969), 18 Ohio St.2d 125, 247 N.E.2d 732; Feldman v. Howard (1967), 10 Ohio St.2d 189, 226 N.E.2d 564. An owner or occupier of premises owes a business invitee a duty of care in maintaining the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Under Ohio law, a business owner's duty to protect its customers from harm is predicated on the owners's superior knowledge of a specific condition that threatens injury. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38; McGuire v. Sears, Roebuck & Co. (1996), 118 Ohio App.3d 494, 497. The business owner has a duty to inspect the premises to discover possible unsafe conditions and to take reasonable precautions to protect its customers from dangers that are reasonably foreseeable in their use of the premises. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 53. To establish that an owner has breached that duty, a plaintiff must show either:

> 1. That the defendant, through its officers or employees, was responsible for the hazard complained of; or

4

> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

Davis v. Meijer Stores, Ltd. P'ship, 2007 U.S. Dist. LEXIS 21811, 8-9 (D. Ohio 2007).

While a business owner is not an insurer of a business invitee's safety, an owner is "liable to an invitee for injuries caused by latent defects when the owner knows, or in the exercise of ordinary care should have known, about the hazard for a sufficient time to correct the defect." Tarkany v. Bd. of Trustees of Ohio State Univ. (June 4, 1991), Franklin App. No. 90AP-1938. The duty of ordinary care includes the duties to warn and inspect the premises. Id. An owner must warn a business invitee of latent defects of which the owner is aware. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52. An owner must also inspect the premises to discover possible dangers of which the owner is unaware and is charged with constructive knowledge of defects that a reasonable inspection of the premises would have revealed. Id. "What is reasonable under the circumstances is ordinarily a question for the trier of fact." Id.

Plaintiff's expert Higgenbotham testified that the wire harness that connected the seat switch to the motor controller was missing. (Dkt. # 36, Ex. A). Further, Higgenbotham stated that the removal of the harness disabled the safety switch on the motorized shopping cart. Defendant K-Mart points out that Higgenbotham did not examine the cart until after the incident occurred. However, Seiburt was injured while using a motorized shopping cart owned by K-Mart while shopping in a K-Mart store. K-Mart was

5

responsible for maintaining and inspecting the motorized shopping cart. The expert testimony that the wiring harness was removed and in a state of disrepair is consistent with Seibert's allegation that the shopping cart shot forward when she grabbed the handle, despite the fact that she was not seated in the cart.

Construing this evidence in a light most favorable to the Plaintiffs, there is a disputed issue of material fact as to whether K-Mart knew that the seat switch wiring harness was removed before the accident occurred. As a result, K-Mart's Motion for Summary Judgment is denied.

### C. Products Liability Claim Against Amigo

Amigo also moves for summary judgment, based on the sole assertion that the motorized shopping cart was not the proximate cause of Seibert's fall or injuries. The only evidence Amgio offers in support of this argument is a conclusory statement that "when Ms. Seibert fell, she made immediate contact with the floor." (Dkt. # 31). Amigo cites a portion of Sebiert's deposition testimony in which she states that her "hip made direct contact with the floor." (Seibert Depo. at p. 81). Based on this statement alone, Amigo concludes that "it was only after she had fallen and grabbed onto the accelerator that the cart moved." (Dkt. # 31). Such a conclusion stands in direct contradiction to the rest of Seibert's deposition, in which she claims that "the cart pulled me down when I grabbed it." (Seibert Depo. at p. 40).

The Court notes that Amigo chooses only to address the issue of whether the Amigo cart was the proximate cause of Seibert's injuries. Amigo fails to address the other

6

necessary elements of a negligent design and/or defect claim.  See <u>Hickey v. Otis Elevator Co.</u>, 163 Ohio App. 3d 765, 769-770.  As a result, based the alleged facts taken in the light most favorable to Seibert, there is a genuine issue of material fac as to whether Seibert's injuries were caused by the Amigo cart.  Accordingly, Amigo's Motion for Summary judgment is denied.

### III.     CONCLUSION

For the foregoing reasons, the Court hereby orders that K-Mart's Motion for Summary Judgment is **DENIED**.  (Dkt. # 28).  Defendant Amigo's Motion for Summary Judgment is also **DENIED**.  (Dkt. # 31).

**IT IS SO ORDERED.**

/s/ *Peter C. Economus* - **January 18, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**